BRILL v. NORTH JERSEY ST. RY. CO.

(Circuit Court, D. New Jersey. August 29, 1903.)

1. PATENTS—INVENTION—UTILITY OF DEVICE.
    The fact that an invention constitutes an important and desirable improvement in an art, in the development of which many inventors have participated without making such improvement, affords persuasive evidence of patentability.

2. SAME—INFRINGEMENT—STREET CAR TRUCKS.
    The Brill patent, No. 627,898, for a pivotal truck for electric street cars, the essential purpose of the invention being to provide an improved flexible spring connection between the truck frame and the car bolster, designed to relieve the car body from shock or jar, was not anticipated, and covers a true combination, in which the several elements, although old, separately considered, co-operate to produce a new and useful result, and discloses patentable invention. Patent No. 627,900, granted on a division of the same application, and differing only in details of construction shown, is also valid. Certain claims of both patents also *held* infringed.

In Equity. Suit for infringement of letters patent Nos. 627,898 and 627,900, for pivotal trucks for electric street cars, granted to George M. Brill June 27, 1899. On final hearing.

Francis Rawle, Joseph L. Levy, and Edmund Wetmore, for complainant.

Charles H. Duell and Fred P. Warfield, for defendant.

BRADFORD, District Judge. John A. Brill has filed his bill of complaint against the North Jersey Street Railway Company, a corporation of New Jersey, charging infringement of letters patent Nos. 627,898 and 627,900, and containing the usual prayers. These two patents, the latter being divisional in its relation to the former, bear date June 27, 1899, and were granted to George M. Brill by whom they were, prior to the filing of the bill and the alleged infringement, assigned to the complainant, who has ever since continued the owner thereof. Both of them relate to improvements in pivotal trucks for electric street railway cars. The original application was filed July 3, 1897, and the divisional application November 9, 1897. The charge of infringement as to patent No. 627,898, which contains one hundred and eleven claims, has been restricted to claims 1, 3, 6, 10, 11, 13, 14, 15, 17, 18, 30, 32, 33, 80, 81, 87, 91, 92, 93, 95, 96, 97, 98, 99, 102, 105, 107, 108 and 110. It is only necessary to consider claim 13. It is admitted on the part of the complainant that unless this suit can be maintained with respect to that claim it cannot

¶ 2. See Patents, vol. 38, Cent. Dig. §§ 28, 29.

be maintained as to any of the claims of patent No. 627,898. That claim is as follows:

"13. The combination in a car-truck, of the side frames, the semi-elliptic springs movably and resiliently suspended from the side frames, and a bolster secured to said springs, substantially as described."

The truck mechanism which is alleged to infringe was manufactured by the Peckham Motor Truck & Wheel Company, a corporation of New York, and was and is used by the defendant. If the above claim be valid, I am satisfied that the defendant must, on the evidence, be held liable as an infringer. The controlling question as to patent No. 627,898 relates to its validity. The combination of claim 13 is "substantially as described" and that claim must be read in the light of the description in order that its real meaning and scope may be understood. When so read it essentially resembles claim 10 which is as follows:

"10. The combination in a car-truck, of the truck-frame, spring-links depending from the truck-frame, semi-elliptic springs connecting the links, and means for connecting said latter springs with a car-body, substantially as described."

The gist of the invention of this patent principally lies in the construction and arrangement of a flexible spring connection between the truck-frame and the car-bolster, so adjusted as to provide relatively to the truck-frame a vertical spring movement, and also a longitudinal and transverse yielding horizontal movement, of the bolster supporting the car-body, thereby relieving the car-body from shock, jerk or jar in the starting or stopping of the car or in its passage over inequalities or curves in the rails or track. The defence of anticipation has been set up as to this patent and was urged at the hearing; but I have failed to find any anticipation of claim 13 or, indeed, of any other of its claims in suit. The prior art is also relied on by the defendant to negative patentability in the invention described and claimed, and many patents and other exhibits have been produced in evidence in support of its contention. There can be no doubt that in a broad sense all the elements entering into the combination of claim 13 were old and well known. At the time the invention embodied in that claim was conceived there was, generally speaking, nothing patentable in such spring-links, semi-elliptic springs, or other elements, separately considered, as entered into the combination claimed. But the several elements, though old, were so adjusted and combined in the mechanism covered by the claim as to co-operate in producing a joint result which could not be obtained from a mere aggregation or assemblage of the different elements. By way of illustration, the spiral springs in the supporting links and the semi-elliptic springs are so associated that the action of the former is modified by that of the latter, and conversely, the action of the latter by that of the former. Claim 13 covers a true combination in contradistinction to a mere aggregation or assemblage. The question remains whether such combination was patentable at the time of the invention. On this point much may be said on either side. I was much impressed at the hearing with the force of the defendant's contention. But it should be borne in mind that what may seem obvious in an invention after it

has been reduced to practice must first be found out or discovered in order that its simplicity may be appreciated. The fact that an invention constitutes an important and desirable improvement in an art, in the development of which many inventors have participated without making such improvement, affords persuasive evidence of patentability. Especially is this true where the improvement relates to matters of such importance and widespread interest as ease, convenience, speed and safety in electric street railway travel. The truck mechanism of patent No. 627,898 has not only materially added to the ease, convenience, speed and safety of travel, but has proved economical. It has commanded a large sale and met with much success. There is, further, the presumption of validity arising from the grant of the patent. This presumption is entitled to much force here; for the application and claims were subject to much controversy and received careful and prolonged consideration in the patent office. I have discovered nothing in the interference proceedings between Brill and Charles F. Uebelacker or other proceedings in the patent office to militate against the validity of claim 13, but, on the contrary, evidence strongly tending to support it. The patent, though not broad, is a meritorious one, and should be sustained unless the objection made on the part of the defendant and now to be mentioned has been well taken. In its description it is said:

"The location of the semi-elliptic springs outside of the wheel-gage on each side of the truck, together with the location of the links for supporting the semi-elliptics closely adjacent to the axle-boxes and the swinging of said springs from the truck-frame from such points gives a better support for the car-body than does the usual link-hung bolster supported from the truck-transoms within the wheel-gage. These general features of construction, however, are embraced in an application filed by Samuel M. Curwen and myself on the 3d day of November, 1896, Serial No. 610,902, and therefore I do not claim the same herein."

It is insisted on the part of the defendant that this statement amounts to a disclaimer of the combination of claim 13 and nullified that claim. But, in the absence of a clear and unequivocal declaration to that effect, it would be unreasonable in the highest degree to impute to Brill an intention to disclaim the very gist of his invention embodied in so many carefully drawn claims. When the above statement by Brill is considered together with the description of the patent granted on the application referred to in that statement, it is evident that the contention by the defendant in this connection is not justified. Patent No. 610,118, bearing date August 30, 1898, for "Improvements in Pivotal Trucks," was granted to George M. Brill and Samuel M. Curwen on an application filed November 3, 1896, Serial No. 610,902. In the description it is said:

"It has been usual to hang the bolster construction, and primarily the 'spring' or 'sand' plank, as it is ordinarily termed, from the transoms, which are disposed across the truck between the side frames, the ends of the transoms being secured to the side frames, the support for the bolster being from the transoms at points within the side frames and mainly within the wheel-gage. In those cases the support or base for the bolster was considerably shorter than the wheel-gage, and according to our experience aided rather than decreased and in some cases considerably amplified the movements of the truck which are communicated to the car-body. According to our present

improvements in this regard we preferably dispense entirely with this 'be-tween-gage' suspension for the bolster (although in some cases it may be desirable to otherwise dispose the suspension) and employ what we call 'equalizing-bars,' suspended directly from the side frames of the truck out-side of the wheels, and secure the spring-plank solidly or fixedly to the mediate portions of the equalizing-bars on both sides, thereby materially in-creasing the span or base of the spring-support for the bolster, enabling it to resist transverse oscillation to a greater extent than under the old method of swinging the bolster. In addition to this we have carried the physical con-nection of the equalizing-bars with the side frames close to the axles, which relieves the side frames from a large part of the strain which comes upon them when the load is carried by the transoms, and suspended the ends of the equalizing-bars from the side-bars of the truck-frame, thereby vastly increasing the longitudinal base or support of the bolster," etc.

The Brill and Curwen patent does not embody or disclose the combination of patent No. 627,898, but the above language taken from its description satisfactorily explains the meaning of the alleged disclaimer in the later patent. All that was meant was that the pat-entee did not claim that the mere location of the semi-elliptic springs "outside of the wheel-gage" and location of the spring-links "closely adjacent to the axle-boxes" involved novelty or patentability. The alleged disclaimer in nowise affects the right of the complainant to a decree as to patent No. 627,898.

Patent No. 627,900 is, as before stated, divisional in its relation to patent No. 627,898. There is an intermediate divisional patent No. 627,899, which it is unnecessary to discuss here. Patent No. 627,900 discloses truck mechanism for electric street railway service having the same general elements of construction and mode of operation as that covered by patent No. 627,898; from which it differs, to use the language of the complainant's expert, Livermore, "only in the con-struction and arrangement of the links and springs which afford the movable and resilient connection between the bolster and semi-elliptic springs on the one hand, and truck frame on the other hand." The charge of infringement as to this patent, which contains 19 claims, has been restricted to claims 13, 14, 15 and 17. It is unnecessary to re-fer to more than claims 13 and 17. They are as follows:

"13. In a car-truck, the combination with the side frames, of the links comprising bolts pivoted between their ends, said links being pivotally sus-pended from the side frames, longitudinally-disposed semi-elliptic springs se-cured to the lower end of said bolts, a cross bolster resting on said springs, and further springs included in the link suspension of said semi-elliptic springs, substantially as described."

"17. The combination in a car-truck having an upper chord, of the longi-tudinally-disposed semi-elliptic springs, a transverse bolster supported upon said springs, links depending from and flexibly supported on said upper chord and passing through enlarged apertures therein, said links being articulated between their ends, the ends of the semi-elliptic springs being supported upon the lower articulation of said links, substantially as described."

This patent, being divisional relatively to patent No. 627,898, relates back to the date of the original application on which that patent was granted. The latter patent, therefore, does not, with respect to the divisional patent, belong to the prior art; and I perceive no reason why each of the above quoted claims should not be held validly to cover the combination comprising the particular elements described and therein claimed, or why those claims should receive so narrow

a construction as to be limited to the precise form of the elements as shown in the description and drawings of the patent. The charge of infringement of these claims cannot be avoided by any mere change in the form or location of an element or part of an element in the patented combination where the element performs the same function in substantially the same manner as it would without such change. Accordingly, it must be held that the truck mechanism complained of includes, in addition to the other elements of the combination of claim 13, the "links comprising bolts pivoted between their ends, said links being pivotally suspended from the side frames," therein mentioned; and, further, that it includes, in addition to the other elements of the combination of claim 17, "links depending from and flexibly supported on said upper chord and passing through enlarged apertures therein, said links being articulated between their ends, the ends of the semi-elliptic springs being supported upon the lower articulation of said links," within the meaning of that claim.

Let a decree for the complainant in accordance with this opinion be prepared.