BRILL et al. v. PECKHAM MFG. CO.

(Circuit Court, S. D. New York. January 11, 1904.)

1. PATENTS—PRELIMINARY INJUNCTION AGAINST INFRINGEMENT—EFFECT OF PRIOR DECISION.

Where a patent has been held valid and infringed by a court of another circuit after a contested hearing, it is the practice to grant a preliminary injunction on such decision unless new evidence is produced which is of such character that it may fairly be supposed that it would have changed the decision if it had been before the court in the prior suit.

2. SAME—STREET CAR TRUCK.

A preliminary injunction granted against infringement of the Brill patents, No. 627,898 and No. 627,900, for a truck for street cars, on a prior decision involving practically the same issues.

¶ 1. See Patents, vol. 38, Cent. Dig. § 488.

In Equity. Suit for infringement of letters patent No. 627,898 and No. 627,900, for a truck for electric street cars, granted to George M. Brill June 27, 1899. On motion for preliminary injunction.

Edmund Wetmore, Francis Rawle, and Joseph L. Levy, for complainants.

. Chas. H. Duell, for defendant.

LACOMBE, Circuit Judge. The patents in suit and similar infringing devices to those complained of were before the Circuit Court in the District of New Jersey on final hearing. 124 Fed. 778. Nearly all the prior patents now presented were then submitted, although the opinion does not specifically enumerate them. Under such circumstances the practice here is to inquire, first, whether the record contains anything not before the New Jersey court, and, if something new is found, to inquire whether it is of such a character that it may fairly be supposed that such court would have reached a different conclusion had it been presented in the earlier case. Badische Anilin & Soda Fabrik v. Klipstein (C. C.) 125 Fed. 543. There is nothing new here except prior patents to Beach and to Davenport and Bridges, and .the file wrapper and contents. Neither of these patents shows the precise combination which would anticipate, and the old elements they show were already shown in the patents which were before the court in the other cause. It is not thought that any different result would have been reached had these and the file wrapper been originally put in proof. The Circuit Court in New Jersey, however, stayed the issuance of injunction until its decision ·could be passed upon by the Court of Appeals, and a similar disposition would seem proper in the case at bar. The ordinary injunction order will therefore be signed. Immediately upon its entry defendants may take an order suspending operation of the injunction upon defendant filing a bond for $20,000 and sworn statements of bimonthly sales of the infringing trucks; the suspension, however, to be limited to the time required to secure decision of appeal in the Third Circuit, with provision that in the case of any delay by appellants in that case complainants here may move to vacate the order suspending stay.

An injunction order will be signed in the suit against the old company, Peckham Motor Truck & Wheel Company, but no suspending order will be granted in that case.